```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
   OLGA MENDEZ,                                           :
                                                          :   MEMORANDUM DECISION
                              Plaintiff,                  :   AND ORDER
                                                          :
            - against -                                   :   20-cv-3816 (BMC)
                                                          :
   COMMISSIONER OF SOCIAL                                 :
   SECURITY,                                              :
                                                          :
                              Defendant.                  :
                                                          :
----------------------------------------------------------X
```

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that she is not disabled, as defined in the Social Security Act, for the purpose of receiving disability insurance benefits under Title II of the Act. The ALJ found that plaintiff had severe impairments of degenerative disc disease, carpal tunnel syndrome, right shoulder degenerative joint disease, and obesity. Nevertheless, the ALJ also found that plaintiff had the residual functional capacity to perform light work, subject to the following limitations: never climbing ladders, ropes, or scaffolds; never kneeling, crouching, or crawling; only occasionally climbing ramps or stairs, but generally just a few steps, and rarely full flights; only occasionally balancing, stooping, reaching overhead, pushing, or pulling; only frequently (as opposed to constantly) reaching, handling, or fingering; and avoiding concentrated exposure to hazardous machinery and unprotected heights.

Plaintiff challenges the ALJ's conclusion based on one point of error: that the ALJ arrived at her own lay determination of plaintiff's RFC without a basis in the record because she gave "little weight" to both the opinion of plaintiff's treating neurologist, Dr. Idan Sharon, who

opined that plaintiff had functional limitations that would have rendered her disabled, and the opinion of the consultative internist, Dr. Chitoor Govindaraj, who opined that plaintiff had virtually no limitations. Instead, plaintiff argues, the ALJ should have accepted the treating physician's opinion under the treating physician rule, or the ALJ should have obtained additional medical evidence before determining plaintiff's RFC.

I disagree. Characterizing this record as a contest between the opinions of Dr. Sharon and Dr. Govindaraj does not accurately portray the evidence before the ALJ. In fact, there was quite a bit of other evidence supporting the ALJ's RFC finding, most or all of which the ALJ discussed with considerable thoroughness in her decision. The evidence that the ALJ laid out showed that plaintiff's radiating neck pain had substantially diminished since she had an anterior cervical discectomy and fusion on October 11, 2018.

Specifically, the ALJ noted that immediately following that surgery, plaintiff's hands felt better, and she could walk normally again. A post-surgical evaluation about two weeks later stated that plaintiff could perform normal activities of daily living, that she had no difficulty performing errands alone, that she had intact sensation, and that she was "overall better." Additionally, doctors reported that the tingling in her left hand was "not that bad," that her headaches were "better," and that plaintiff was "walking well" without assistance. Plaintiff never took the heavy medication that had been provided for post-surgical pain (Percocet), limiting herself to Tylenol and ibuprofen.

The progress continued through 2019, with examinations in April and June showing that plaintiff was still ambulating effectively and had been "chasing after her granddaughter" who was visiting from Florida. To be sure, plaintiff did report occasional neck tightness and pain during this period, but she otherwise had "no complaints at th[e] time," and she continued to

have full strength in her extremities, full sensation, normal tendon reflexes, and normal walking. Her primary care doctor, an internist, found normal motor strength and normal sensation, and he concluded in April and July 2019 that plaintiff was "[g]eneral[ly] able to do usual activities."

It should be noted that these findings resulted not only from physicians' examinations of plaintiff, but also from her own self-reporting to those physicians post-surgery. By all indications, the surgery substantially alleviated her problems with radiating back and neck pain. As for her carpal tunnel syndrome, the ALJ correctly noted that the records never showed it to be much of a problem. After setting forth the evidence described above (and more), the ALJ concluded:

> Lumbar degenerative disc disease notwithstanding, the claimant has consistently tested as having a normal gait and only some limitations due to her related lower back pain. After her cervical surgery, the pain and limitation caused by her herniated disc at C5 to C6 largely resolved. By July 2019, she was assessed as overall better after surgery. Post surgery, she almost consistently reported that she had no problems performing activities of daily living or performing errands alone. Her right shoulder pain and limitations were largely relieved by physical therapy. As a result of her physical therapy, she said that she was able to raise her right arm with minimal pain and that performing overhead activities were less painful. Despite her carpal tunnel syndrome, she tested as having no neurological deficits in her upper extremities. Indeed, her hand dexterity was normal at her December 4, 2016 physical consultative examination. Although the record indicates that the claimant is obese, there is no evidence in the record that it has significantly limited her physical functioning. Since nothing in the medical evidence of record shows that the claimant is precluded from performing physical-related work activities, she is not disabled as alleged.

(Citations omitted). These conclusions are fully supported by the record.

That leaves us, then, with plaintiff's claim that the ALJ violated the treating physician rule by all but rejecting the opinion of Dr. Sharon. The problem with Dr. Sharon's opinion is that it appears to have been based on plaintiff's pre-surgery conditions. In the notes following the surgery, I do not see any evidence for Dr. Sharon's conclusion that plaintiff could not stand

3

or walk for even two hours; it flatly contradicts the other physicians' statements that plaintiff had normal ambulation and could perform normal activities of daily living.

Because there was substantial evidence for the ALJ's decision and no violation of the treating physician rule, plaintiff's motion for judgment on the pleadings [10] is denied and the Commissioner's cross-motion for judgment on the pleadings [14] is granted.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 20, 2021

4